**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON RABINOWITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ARNOLD A. ARPINO & ASSOCIATES, P.C.<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JASON RABINOWITZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant ARNOLD A. ARPINO & ASSOCIATES, P.C., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, *et seq.*

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in Smithtown, New York.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in

business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who were sent a collection letter and/or notice from Defendant attempting to collect a debt allegedly owed to Winthrop University Hospital ("Winthrop"), in which Defendant improperly attempted to collect same, in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received a debt collection letter and/or notice from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is/was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's

        conduct;

   c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to July 12, 2016, an obligation was allegedly incurred by Plaintiff to Defendant.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. The alleged Winthrop obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. Winthrop is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. At a time known only to Defendant, Winthrop, directly or through an intermediary, contracted Defendant to collect the Winthrop debt.

23. In its effort to collect on the Winthrop obligation, Defendant contacted Plaintiff by written correspondence on July 12, 2016.  See **Exhibit A.**

24. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt

5

collector" as defined by 15 U.S.C. §1692a(6).

25. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

28. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991).

29. Defendant's letter states in pertinent part: "The past due account has been referred to this office for collection."

30. In reference to the creditor, Defendant's letter merely states, "RE: WINTHROP UNIVERSITY HOSPITAL."

31. Nowhere in its initial communication to Plaintiff does Defendant specify who referred the account for collection.

32. Nowhere does Defendant state the name of the creditor to which the alleged debt is owed.

33. Plaintiff's validation rights were effectively overshadowed because Defendant failed to adequately convey to Plaintiff and the least sophisticated consumer the name of the creditor to whom the debt was owed.

34. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would not be afforded the specific right to be explicitly informed who owns the alleged debt, a right explicitly afforded to him by Congress under Section 1692g(a)(2) of the FDCPA.

35. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

36. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

39. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

40. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

41. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

42. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

43. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

44. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

45. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

46. Defendant's July 12, 2016 letter fails to identify any creditor to whom the debt is owed.

47. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor."

48. Defendant's letter merely states, "RE: WINTHROP UNIVERSITY HOSPITAL."

49. The letter fails to indicate whether the "RE:" refers to Plaintiff's creditor.

50. The letter fails to indicate whether the "RE:" refers to the creditor to whom the debt is owed.

51. The letter fails to indicate whether the "RE:" refers to the original creditor or the current creditor to whom the debt is owed.

52. Defendant's letter merely states, "The past due account has been referred to this office for collection."

53. The letter fails to indicate who referred the account to Defendant.

54. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

55. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

56. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

57. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### Second Count
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

61. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

62. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

63. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

64. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

65. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

66. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

67. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

68. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorney fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
October 28, 2016

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq.
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone: (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                            */s/ Alan J. Sasson*
                                            Alan J. Sasson, Esq.

Dated:   Brooklyn, New York
            October 28, 2016